T.C. Summary Opinion 2010-45

UNITED STATES TAX COURT

PAUL EDWARD HENDRICKSON AND CYNTHIA PUSATERI-HENDRICKSON,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31302-08S.                    Filed April 14, 2010.

Jonathan Decatorsmith, for petitioners.

Robyn R. Gilliom, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2006 respondent determined a deficiency of $3,650 in petitioners' Federal income tax. The issues for decision are whether petitioners: (1) Are entitled to dependency exemption deductions for petitioner Paul Edward Hendrickson's (Mr. Hendrickson) two daughters for 2006; and (2) are entitled to child tax credits for his two daughters for 2006.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioners filed their petition, they resided in Illinois.

Petitioners timely filed a joint Federal income tax return for 2006. Petitioners claimed two dependency exemption deductions and child tax credits for Mr. Hendrickson's daughters. Petitioners did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent, to their Form 1040, U.S. Individual Income Tax Return.

In 2006 Mr. Hendrickson's children did not reside with him, but lived with Mr. Hendrickson's ex-wife, who was the custodial parent of the children. Petitioners, however, supported the children financially, and a 2008 State court order awarded Mr.

Hendrickson the dependency exemption deductions for his children, retroactive to tax year 2005. The court order was signed by the judge and by Mr. Hendrickson's attorney, but it was not signed by Mr. Hendrickson's ex-wife, the custodial parent.

Respondent issued a notice of deficiency on May 16, 2008, disallowing petitioners' claimed dependency exemption deductions and child tax credits for Mr. Hendrickson's daughters.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[1] Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### II. Dependency Exemption Deductions

Section 151(c), in pertinent part, allows a taxpayer to claim as a deduction the exemption amount for each individual who is a "dependent" of the taxpayer as defined in section 152 and who is the taxpayer's child and satisfies certain age requirements.

---

[1] Petitioners have not claimed or shown that they meet the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to their liability for tax.

Section 152(a) defines "dependent" to mean a qualifying child or a qualifying relative of the taxpayer.

In the case of divorced or separated parents, section 152(e)(1) provides that when a child is in the custody of one parent for over one-half of the year, the child is treated as being the qualifying child or qualifying relative of the noncustodial parent only if the requirements of section 152(e)(2) or (3) are met.[2]

Section 152(e)(2) provides:  "if * * * the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe)" that he or she will not claim the child as a dependent and the noncustodial parent attaches the written declaration to his or her return for the taxable year, then the noncustodial parent is entitled to the dependency exemption deduction.  For purposes of section 152(e)(2), the term "noncustodial parent" means the parent who is not the custodial parent.  See sec. 152(e)(4)(A), and (B).

The written declaration may be made on a form provided by the Service or a document that conforms to its substance.  Miller v. Commissioner, 114 T.C. 184, 190-191 (2000) (citing sec. 1.152-

[2]The exceptions in sec. 152(e)(3) and (5) do not apply. There was no multiple support agreement, and there is no pre-1985 instrument.  Thus, petitioners are entitled to the dependency exemption deductions only if the requirements of sec. 152(e)(2) are met.

4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984)), affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); see also Neal v. Commissioner, T.C. Memo. 1999-97. The written declaration is embodied in Form 8332, and it incorporates the requirements of section 152(e)(2). Miller v. Commissioner, supra at 190.

The parties agree that Mr. Hendrickson's ex-wife is the custodial parent as defined in section 152(e)(4)(A). Although petitioners provided a signed State court order entitling Mr. Hendrickson to the dependency exemption deductions for his daughters, it does not contain the signature of the custodial parent.

Although the Court understands the difficulty of petitioners' situation, the Court is unable to disregard the unambiguous requirements of section 152(e)(2) for claiming a dependency exemption deduction. Because petitioners did not provide a Form 8332 or its equivalent signed by the custodial parent the Court must disallow the dependency exemption deductions.

III. Child Tax Credit

Subject to the limitation based on adjusted gross income in section 24(b)(1), section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the

taxpayer (as defined in section 152(c)) who has not attained age 17." It has not been shown that Mr. Hendrickson's daughters are to be treated as his qualifying children. Therefore, petitioners are not entitled to claim these children as qualifying children for purposes of the child tax credit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.